IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHLEEN KAWALE PAI, ET AL., | CIV. NO. 22-00225 JMS-WRP |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE |
| vs. | |
| JOSEPH ROBINETTE BIDEN JR., ET AL., | |
| Defendants. | |

FINDINGS AND RECOMMENDATION
TO DISMISS ACTION WITHOUT PREJUDICE

Plaintiffs filed a Complaint against Defendants on May 17, 2022. See ECF No. 1. On August 24, 2022, this Court issued a Deficiency Notice and Order warning Plaintiffs that, pursuant to Federal Rule of Civil Procedure 4(m), Plaintiffs must serve or show good cause for the failure to serve the Complaint and Summons on Defendants within thirty days of that Deficiency Notice and Order. See ECF No. 10. The Court further warned Plaintiffs that a failure to do so may result in dismissal of this action for failure to prosecute or follow a court order. See id.[1]

---

[1] The Court notes that, although the docket reflects that other court orders (regarding setting the Telephonic Rule 16 Scheduling Conference) were returned as undeliverable, the docket does not reflect that the Deficiency Notice and Order was returned as undeliverable. See ECF Nos. 7-10. In any event, it is

More than thirty days have passed since the Court issued that Deficiency Notice and Order; however, Plaintiffs have not filed a proof of service, waiver of service, or provided any explanation as to their failure to serve the Defendants.

Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff must serve a defendant within 90 days after a complaint is filed. See Fed. R. Civ. P. 4(m). If a defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. See id. Where a plaintiff does not show good cause for failing to timely serve a defendant, the district court has discretion under Rule 4(m) to dismiss without prejudice the claims against that defendant. See In re Sheehan, 253 F.3d 507, 512-13 (9th Cir. 2001).

To determine whether to dismiss a case for lack of prosecution or failure to comply with a court order, the court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the

---

Plaintiffs' obligation to ensure their addresses are up to date. See Local Rule 83.1(e).

disposition of cases on their merits.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The Court finds these factors weigh in favor of dismissal here notwithstanding the policy favoring disposition of cases on their merits, particularly because this action was filed in May 2022 and the Court has warned Plaintiffs that they are responsible for effecting service and that the failure to do so could result in dismissal of this action.  Accordingly, the Court FINDS AND RECOMMENDS that this case be dismissed without prejudice for failure to serve Defendants.

## CONCLUSION

For the reasons stated herein, the Court FINDS AND RECOMMENDS that this action be DISMISSED without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 3, 2022.



Wes Reber Porter
United States Magistrate Judge

**PAI, et al. v. BIDEN JR., et al.; CIVIL NO. 22-00225 JMS-WRP; FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE**